IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE DANIEL CRUZ-APONTE, | ) | |
|     Petitioner, | ) | Civil Action No. 11-108 Erie |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice for lack of subject matter jurisdiction.

**II.    REPORT**

    **A.    Relevant Background**

    **Criminal Case No. 97-CR-11 (D.P.R.)**

On June 12, 1998, after he had entered a guilty plea, Petitioner was sentenced in the U.S. District Court for the District of Puerto Rico to a term of 168 months of imprisonment, to be followed by a five-year term of supervised release for Conspiracy to Distribute Narcotics, in violation of 21 U.S.C. § 846. (Resp's Ex. 1 at 6, 17, 21).

    **Criminal Case No. 97-CR-98 (D.P.R.)**

On June 23, 1998, after he had entered a guilty plea, Petitioner was sentenced in the U.S. District Court for the District of Puerto Rico to a term of 235 months of imprisonment for Aiding and Abetting

1

in the Attempt to Possess Cocaine with Intent to Distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2.[1]  (Resp's Ex. 2 at 4, 14, 16).

On June 29, 1998, Petitioner filed an appeal with the U.S. Court of Appeals for the First Circuit in which he challenged his criminal history score on the basis that his prior conviction in Criminal Case No. 97-CR-11 (D.P.R.) was related to his current conviction and should not be counted as criminal history.  (Resp's Ex. 2 at 16; Resp's Ex. 3 at 4).  See also United States v. Cruz-Aponte, No. 98-1918, 1999 WL 529455, *1 (1st Cir. Apr. 21, 1999).

On April 21, 1999, the First Circuit vacated Petitioner's sentence in Criminal Case Number 97-CR-98 and remanded the case to the District Court to determine whether the sentence in Criminal Case Number 97-CR-11 was properly reflected in Petitioner's criminal history.  Cruz-Aponte, No. 98-1918, 1999 WL 529455, at *1.  (See also Resp's Ex. 2 at 19; Resp's Ex. 3 at 5).  On June 3, 1999, the District Court issued an Amended Judgment in which Petitioner was resentenced to 210 months of imprisonment, to be served concurrent with the sentence imposed in Criminal Case Number 97-CR-11.  (Resp's Ex. 2 at 19).

On May 25, 2000, Petitioner filed with the District Court a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.  (Resp's Ex. 2 at 20).  In that motion, he asserted:

> (1) both of his attorneys at the trial and appeals level were ineffective because they did not challenge the use of his prior convictions to enhance his criminal history category at sentencing; (2) his trial attorney was ineffective by failing to access his Juvenile Record in order to effectively challenge their validity for enhancement purposes; and (3) his prior convictions should not have been utilized under the guidelines to enhance his sentence because they are constitutionally invalid.

---

[1] Petitioner agreed to plead guilty to Aiding and Abetting in the Attempt to Possess Cocaine with Intent to Distribute, and he and the government agreed to a Base Offense Level of 36 with a two point enhancement for Possession of a Dangerous Weapon and a three point reduction for acceptance of responsibility, resulting in a Total Adjusted Base Offense Level of 35.  (Resp's Ex. 5 at 1; Resp's Ex. 9 at 2).

2

(Resp's Ex. 6 at 2). On August 13, 2003, the Magistrate Judge to whom the case was referred issued a report in which it was recommended that Petitioner's § 2255 motion be denied on the merits. Specifically, the report stated that challenging his juvenile convictions would not alter the outcome of the current case; he did not show that he or his counsel attempted to obtain his juvenile records; the U.S. Sentencing Guidelines permit the use of such records for sentencing enhancement purposes; and, using juvenile records to calculate a criminal history score does not violate due process. (Resp's Ex. 5). The District Court overruled Petitioner's objections, adopted the Magistrate Judge's Report and Recommendation, and denied Petitioner's § 2255 motion. (Resp's Ex. 6).

Petitioner filed with the First Circuit a motion to request issuance of a certificate of appealability ("COA"). In support of his request for a COA, he raised the following four arguments:

> (1) ineffective assistance of trial and appellate counsel for failure to investigate his prior criminal record; (2) ineffective assistance of trial and appellate counsel for failure to translate the Pre-Sentence Investigative Report ("PSR") from English to Spanish; (3) inclusion of his allegedly unconstitutional prior adult convictions in his criminal history category; and (4) unconstitutional enhancements to his base offense level in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, __ U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

(Resp's Ex. 8 at 1-2). The First Circuit denied his request for a COA because he "fail[ed] to present a substantial showing or to raise a reasonably debatable argument that [he] suffered a denial of a constitutional right." (Resp's Ex. 8 at 1). In addition, it stated that Petitioner's challenge to his sentencing enhancement in light of Apprendi and Blakely failed on the merits because:

> Petitioner admitted, with a translator present, at both his change of plea hearing and his sentencing hearing, to all of the critical factors underlying the enhancements to his base offense levels.... Furthermore, petitioner admitted to these facts and agreed to the adjusted base offense level in his plea agreement.

(Resp's Ex. 8 at 3).

3

On November 5, 2009, Petitioner filed with the District Court a motion to reduce his sentence for Criminal Case No. 97-CR-98 (D. P. R.). (Resp's Ex. 9; see also Resp's Ex. 2 at 24). He argued that he "was not indicted for knowingly[,] willingly[,] or voluntarily conspiring but was indicted for participating in said conspiracy and should benefit from the amendment for his mitigating role." (Resp's Ex. 9 at 3). Petitioner believed that due to his role as only assisting to off-load a shipment of cocaine, he is entitled to being considered a minimal participant thus his sentence should reflect this role and be reduced. The District Court denied Petitioner's motion on November 9, 2009. (Resp's Ex. 2 at 24).

A little more than a month later, Petitioner filed a motion to alter or amend his sentence, and, thereafter, filed a supplemental motion to alter judgment. (Resp's Ex. 2 at 24; Resp's Ex. 10). The District Court denied both motions. (Resp's Ex. 2 at 24). In an appeal to the First Circuit, Petitioner argued that the "district court abused its discretion because it did not address the merits of his [reduction of sentence] motion in a written decision based on its review of his criminal record." (Resp's Ex. 11). On December 6, 2010, the First Circuit issued a Judgment in which it affirmed the District Court's decision.

Petitioner commenced this proceeding on or around May 12, 2011, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 4]. He challenges his judgment of sentence imposed in Criminal Case No. 97-CR-98 (D.P.R.). Specifically, he argues "actual and factual innocence of possession of a dangerous weapon," which resulted in a sentencing enhancement. He contends that he is being held longer than the law will allow for a "non-existen[t]" offense because he was not indicted for possession of a dangerous weapon. As relief, he seeks an order from this Court directing that he be released from custody immediately. [ECF No. 4 at 2-4]. Respondent has filed an Answer in which he asserts that the petition should be dismissed for lack of subject matter jurisdiction. [ECF No. 9].

4

**B.** **Discussion**

1. **Claims Generally Cognizable In Federal Habeas Corpus Proceedings**

28 U.S.C. § 2255 permits a federal prisoner to challenge his or her sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentences was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Congress, by enacting 28 U.S.C. § 2255, provided a specific avenue by which a defendant could attack his or her federal conviction or sentence. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); Chambers v. Romine, 41 F.App'x. 525, 526 (3d Cir. 2002); Briggs v. Levi, 275 F.App'x 111, 112-13 (3d Cir. 2008) (per curiam); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction."), quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam). In contrast, matters concerning the Bureau of Prisons' execution of a federal prisoner's sentence are within the subject matter jurisdiction of the court presiding in the district in which that federal prisoner is incarcerated. See, e.g., McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010). Such claims are properly brought in a petition for a writ of habeas corpus under § 2241. Cradle, 290 F.3d at 538-39; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). A habeas corpus petition "is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255." Myers v. Booker, No. 00-3232, 232 F.3d 902 (Table), 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000).

Respondent is correct that this Court must dismiss the petition for want of subject matter jurisdiction because Petitioner is challenging the validity of his sentence. Accordingly, the issues raised in the instant petition are not within the jurisdiction of this Court.

### 2. The Savings Clause of 28 U.S.C. § 2255

Petitioner asserts that he is entitled to pursue his claims in a habeas action in this Court because the remedy under 28 U.S.C. § 2255 is inadequate and/or ineffective. Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

Petitioner does not articulate any persuasive reason to support his contention that this case falls within § 2255's "savings clause" or "safety valve." He challenged his judgment of sentence with the District Court that sentenced him and then, when his motions with that court were unsuccessful, with the First Circuit. This Court, sitting in habeas, is not merely another avenue for him to seek relief from his judgment of sentence. "A section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam), citing Cradle, 290 F.3d at 539. See,

6

e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). "Rather, the 'safety valve' provided under section 2255 is *extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law*." Id. at 856 (emphasis added), citing Okereke, 307 F.3d at 120, which cited In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. Cradle, 290 F.3d at 538-39.

Petitioner's situation is not the rare one rendering § 2255 inadequate or ineffective. Accordingly, this Court does not have jurisdiction and the instant action and his petition must be dismissed.

### C. Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: April 19, 2012

cc: The Honorable Sean J. McLaughlin
     United States District Judge